[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CUSTODY
This is an action for dissolution of a marriage brought by the plaintiff husband against the defendant wife. The plaintiff seeks joint legal custody of the minor child, Kathryn J. Doran ("Katy") born April 24, 1978, and also seeks to have the child's primary residence with him; that is, physical custody.
Counsel for all of the parties have requested the court to make an initial determination as to physical custody and also her place of residence.
At the present time Katy is living with her mother and seeing her father as often as she wishes, which may be as much as every day. She does sleep at home most of the time, and when returning from school, does her homework and then goes out to see her father.
The evidence failed to establish to the court's satisfaction any basis for making a change in Katy's current residence or physical custody. That Kate is more comfortable with her father and argues with her mother is not sufficient to warrant changing the present situation. It would be unusual, if a 14 year old girl did not argue with her mother.
The court also has some concern about the plaintiff's ability to set limits for Kate. He testified that as late as age 12 as well as from age 6 or 7 on he permitted Kate to sleep in the same bed with him with or without her mother — for the reason that she said she could not go to sleep otherwise.
The plaintiff continued to drink in the house after the wife was diagnosed as an alcoholic and was undergoing treatment at AA, and even after she ceased drinking, he continued to drink. He himself was diagnosed as having a borderline drinking problem — according to the Family Relations' report in referring to a testing done by Guenster Treatment Center.
Consequently, the court finds that it is in Katy's best interest to remain in her mother's physical custody at this time since there appears to be no valid reason for making a change in this respect. Both parties have sought joint legal custody and that will remain as it is.
Since the court is not making a change in the physical CT Page 7842 custody, there would be no change either in the residence. She will continue to live with her mother in the marital home.
It is so ordered.
MARGARET C. DRISCOLL STATE TRIAL REFEREE